UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY D. CHERRY,

                Plaintiff,

-vs-                                                                       Case No.  8:07-cv-219-T-17MSS

HILLSBOROUGH COUNTY CIRCUIT
COURT JUDGE VIVIAN C. MAYE,

                Defendant.

_____

**O R D E R**

      Pro se prisoner Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint alleging that on January 9, 2006, Judge Maye conducted a sham proceeding at which he was denied the opportunity to be fully heard.  He alleges that despite his vigorous objections to the "deprivation of his constitutional rights," Judge Maye acted intentionally and knowingly to deprive the Plaintiff of those constitutional rights without exercising any legally authorized judicial discretion.  According to Plaintiff, he was thereby deprived of liberty without benefit of due process of law.  Plaintiff explains that subsequent to the hearing, Judge Maye revoked Plaintiff's probation and sentenced him to 36 months incarceration.

Plaintiff seeks money damages for false imprisonment; the amount shall not be less than $1.2 million in addition to his attorney fees.

Plaintiff states that "the true extent of the injury will not be fully realized until the original conviction in this case is overturned." Plaintiff alludes to a case before the Honorable James D. Whittemore in which he has a pending petition for writ of habeas corpus. The Court notes that that case number is 8:06-cv-573-T-27MSS. The petition in that case was denied on January 30, 2007, and judgment has been entered against Plaintiff.

Plaintiff's observation that Judge Maye is entitled to judicial immunity is correct. Judges acting in their judicial capacity are absolutely immune to claims for damages under § 1983. See McNamara v. Moody, 606 F.2d 621 (5th Cir. 1979), cert. denied, 447 U.S. 929 (1980); Humble v. Foreman, 563 F.2d 780 (5th Cir.), reh'g denied, 566 F.2d 106 (5th Cir. 1977) (en banc), and overruled in part by Sparks v. Duval County Ranch Co., Inc., 604 F.2d 976 (5th Cir. 1979). Further, "[a] judge is absolutely immune from suit in performing his judicial responsibilities." See Sun v. Forrester, 939 F.2d 924 (11th Cir. 1991), cert. denied, 112 S.Ct. 1299 (1992). Also see Sibley v. Lando, 437 F.3d 1067 (11th Cir. 2005).

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff is assessed the 350.00 filing fee. The Clerk is directed to send a copy of this order to Inmate Accounting 1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley, Professional Account Supervisor; Veronica Wold, Government

Operations Consultant.  The Department of Corrections shall place a lien on the inmate's trust account for court costs and filing fees due.

ORDERED at Tampa, Florida, on February 5, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Anthony D. Cherry